**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIM J. MALONE,** | ) | **CASE NO. 1:16CV1084** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon Plaintiff's Objections (ECF DKT #22) to the Report and Recommendation (ECF DKT #21) of Magistrate Judge Thomas M. Parker, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Social Security Act ("Act") pursuant to 42 U.S.C. §405(g), 42 U.S.C. §1383(c)(3). For the following reasons, the Court ADOPTS Magistrate Judge Parker's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

1

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see Magistrate Judge Parker's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

Plaintiff applied for DIB and SSI on June 22, 2011, alleging that her disability began on November 6, 2010. Plaintiff's Applications were denied initially and after reconsideration. On December 9, 2011, Plaintiff requested an administrative hearing. Plaintiff appeared without counsel for a hearing on January 14, 2012, but the Administrative Law Judge ("ALJ") postponed the hearing after Plaintiff said she wanted representation. The rescheduled hearing occurred on March 18, 2013 and Plaintiff appeared with counsel. The ALJ ordered a psychological evaluation after the hearing. The ALJ denied Plaintiff's Applications for benefits on August 19, 2014. Plaintiff requested review of the ALJ's decision on October 17, 2014. The Appeals Council denied review in a decision dated March 7, 2016, rendering the ALJ's decision the final decision of the Commissioner.

On May 5, 2016, Plaintiff filed the instant Complaint challenging the Commissioner's final decision. Plaintiff argues that the ALJ erred at Step 3 of the sequential evaluation because he did not properly consider Plaintiff's verbal comprehension index ("VCI") score when he determined that she did not meet Listing 12.05(C)[1]. Plaintiff also contends that the ALJ improperly rejected the medical opinions of the state agency physicians and the medical expert who testified at the administrative hearing.

---

[1]. Listing 12.05(C) is a listing for the mental disorder now known as intellectual disability. See 20 C.F.R. Pt. 404, App. 1, §§ 12.00, 12.05(C).

2

On May 4, 2017, the Magistrate Judge issued his Report and Recommendation. On May 18, 2017, Plaintiff filed his Objections to Magistrate Judge Report and Recommendation. On June 1, 2017, Defendant filed a Response to Plaintiff's Objections.

**STANDARD OF REVIEW**

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action is not *de novo*. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011). Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Id. (citing Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)). "Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *Id. (See Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).

**LAW AND ANALYSIS**

Under the Act, 42 U.S.C. § 423(a), eligibility for benefit payments depends on the existence of a disability. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a).

In making a determination as to disability under this definition, an ALJ is required to follow a five-step sequential analysis set out in agency regulations:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity, is suffering from a severe

> impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if claimant's impairment prevents him from doing past relevant work. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. If claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.R.F. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).

Under this sequential analysis, the claimant has the burden of proof at Steps One through Four. *Walters v. Comm'r of Soc. Sec.* 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to produce evidence that establishes whether the claimant has the residual functional capacity ("RFC") and vocational factors to perform work available in the national economy. *Id.*

The ALJ determined that Plaintiff had not been under a disability from November 6, 2010, the alleged onset date. Plaintiff disputes the ALJ's handling of Steps Three and Five. Plaintiff claims that the ALJ erred at Step Three of his sequential analysis in failing to find that Plaintiff met or medically equaled Listing 12.05(C). Listing 12.05(C) is a listing for the mental disorder now known as intellectual disability. See 20 C.F.R. Pt. 404, App. 1, §§ 12.00, 12.05(C). One prerequisite to the evaluation of disability on the basis of a mental disorder is that there must be "documentation of a medically determinable impairment." 20 C.F.R. Pt. 404, App. 1, § 12.00(A). If a medically determinable impairment is found, then it must be evaluated under the relevant listing.

Listing 12.05(C) has two parts. The first part, which is referred to as the "diagnostic definition," requires: 1) significantly sub-average general intellectual functioning; 2) deficits in adaptive functioning; and 3) onset before age twenty-two. 20 C.F.R. Pt. 404, App. 1, § 12.05; *see also Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x

4

672, 675 (6th Cir. 2009). The second part, which is referred to as the "severity criteria" of subsection C, requires: 1) a valid verbal, performance, or full scale IQ of 60 through 70; and 2) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. Pt. 404, App. 1, § 12.05(C); *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013).

The Magistrate Judge thoroughly discussed the ALJ's evaluation of the evidence regarding Plaintiff's intellectual ability. The ALJ determined that Plaintiff's impairment is borderline intellectual functioning ("BIF") as diagnosed by Thomas Zeck, Ph.D. and does not meet the criteria in Listing 12.05. The Magistrate Judge concluded that the ALJ did not fail to evaluate whether Plaintiff met or medically equaled Listing 12.05(C). The ALJ considered the results of Plaintiff's Wechsler Adult Intelligence Scale ("WAIS")-IV test, Dr. Zeck's diagnosis of BIF, her overall history, including, but not limited to, her work history, her demeanor and the content of her testimony during the March 18, 2013, hearing. The Court agrees that the ALJ's determination that Plaintiff did not meet or medically equal Listing 12.05(C) was based on substantial evidence.

In Plaintiff's Objections, she argues that the ALJ erred as a matter of law in his analysis under this listing. The Court disagrees. As the Magistrate Judge correctly points out, the ALJ relied on the unambiguous language of Listing 12.05, which required: "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" Also, the ALJ concluded that the WAIS-III IQ test instrument has been superseded by the WAIS-IV and that the WAIS-IV instrument did away with sub-test IQ scoring that resulted in a Verbal IQ score, a Performance IQ score and a full-scale IQ score.

Dr. Zeck administered the WAIS-IV test. Plaintiff scored 68 on verbal comprehension (2nd percentile), 82 on perceptual reasoning (12th percentile), 74 on working memory (4th percentile), 81 on processing speed (10th percentile), and her full

5

scale IQ score was 72 (3rd percentile).  Dr. Zeck felt that Plaintiff would have difficulty carrying out complex instructions but that she would be able to do simple tasks that could be helpful to an employer.  The Court agrees with the Magistrate Judge that it is clear the ALJ cannot be found to have applied incorrect legal standards when he relies upon and applies the plain language of an unambiguous regulation setting forth the elements of a disability listing.

Plaintiff contends that the ALJ's finding of RFC was not supported by substantial evidence in the record.  At the final step, Step Five, the ALJ considers the claimant's RFC and her age, education and work experience to determine whether the claimant may work.  A claimant is disabled if she is unable to work or there are no jobs she is capable of performing.  See 20 C.F.R. § 404.1520(a)(4).  At its most basic level, a claimant's residual functional capacity is simply an indication of [her] work-related abilities despite her limitations. See 20 C.F.R. § 404.1545(a)(1).  The residual functional capacity is not a medical opinion, but an administrative determination reserved to the Commissioner.  See 20 C.F.R. § 404.1527(e)(2).

Plaintiff argues that the ALJ did not properly weight the medical opinions in the record and that his analysis was outcome determinative.  Tonya Morris Spears, M.D., non-examining state reviewing physician, reviewed Plaintiff's records on July 11, 2011.  Dr. Spears opined that Plaintiff retained the RFC to perform light-range work; that she could stand, sit or walk for 6 hours in an 8-hour workday; and had no limitations for pushing or pulling.

Louise Wunsch, M.D., reviewed Plaintiff's files on reconsideration.  Dr. Wunsch opined that Plaintiff had the RFC to perform light-range work, could stand or walk for 4 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; was limited in her ability to push or pull in both arms and in her left leg; could occasionally climb ramps or stairs, stoop, kneel, crouch and crawl; could frequently balance; could never climb ladders,

6

ropes, or scaffolds; was limited in reaching in front, laterally and overhead with her left hand and in handling with both hands.

The ALJ indicated that he gave Drs. Wench and Spears' opinions no weight because they had not reviewed all the records and had not seen or heard Plaintiff. The Magistrate Judge determined that the ALJ's basis for dismissing these physicians' opinions could be construed as an error because it contradicts agency regulations, but the error was harmless because the ALJ determined that Plaintiff's RFC was more restricted than these physicians' opinions. The Court agrees. The Magistrate Judge points out that the physicians opined that Plaintiff had the RFC to perform light-range work, but the ALJ determined that Plaintiff had the RFC to perform only a limited range of sedentary work, thus his assignment of no weight to their opinions was harmless.

The vocational expert ("VE") identified jobs that could be performed by an individual with Plaintiff's limitations. The VE's testimony conflicted with the maximum reaching qualifications for these jobs in the Dictionary of Occupational Titles. However, the ALJ recognized the conflict and explained that the VE's professional knowledge and experience were the reasons for determining that the VE's testimony was more reliable. The Court agrees with the Magistrate Judge that the ALJ properly relied on the VE's testimony and that substantial evidence supported the ALJ's finding that there were a significant number of jobs which Plaintiff was capable of performing.

Plaintiff challenges the ALJ's weight given to medical expert ("ME") Cathy Krosky, M.D. The ME testified that none of Plaintiff's impairments met or medically equaled any of the listed impairments. Regarding Plaintiff's RFC, Plaintiff asserts that the ME testified that Plaintiff could not perform any overhead reaching and only occasional reaching in other directions bilaterally. The ALJ acknowledged this opinion and gave reasons why he did not give it full credit. The ALJ noted that the ME only reviewed portions of Plaintiff's medical records but was not a treating physician and did not actually examine Plaintiff.

7

The ALJ found that the ME relied on Plaintiff's own testimony and not objective findings.

Under 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence.  The substantial evidence standard presupposes that there is a "zone of choice" within which the Agency may proceed without interference from the courts.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  The ALJ's decision must be affirmed if it is supported by substantial evidence even if the reviewing court would have decided the matter differently and substantial evidence also supports a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); Mullen, 800 F.2d at 545.

The Court agrees with the Magistrate Judge that the ALJ properly considered and weighed the evidence, including the medical opinion evidence; that he properly determined that Plaintiff did not meet or medically equal the criteria for Listing 12.05(C); and that he properly determined Plaintiff's residual functional capacity.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Period of Disability and Disability Insurance Benefits and Supplemental Security Income is supported by substantial evidence.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #21) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**
**DATE: 6/30/17**

                                              *s/Christopher A. Boyko*
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**